**Bernardino GABRIEL–PEREZ, et al., Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**No. 05–70611.**

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 4, 2006.*

Filed Dec. 12, 2006.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Robert L. Lewis, Esq., Law Office of Robert L. Lewis, Oakland, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, MIriam L. Chesslin, U.S. Department of Justice Environmental Enforcement Section, James A. Hunolt, Esq., Bryan S. Beier, Esq., DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: GOODWIN, LEAVY, and FISHER, Circuit Judges.

## MEMORANDUM **

Bernardino Gabriel–Perez, his wife, and son, natives and citizens of Mexico, petition for review of an order of the Board of Immigration Appeals ("BIA") summarily affirming the Immigration Judge's ("IJ") order denying their applications for asylum and withholding of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for substantial evidence, see INS v. EliasZacarias, 502 U.S. 478, 481, 483–84, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992), and we deny the petition for review. We review due process claims de novo. Vasquez–Zavala v. Ashcroft, 324 F.3d 1105, 1107 (9th Cir.2003).

Substantial evidence supports the IJ's conclusion that Gabriel–Perez failed to establish past persecution or a well-founded fear of future persecution on account of his status as a Jehovah's Witness. The discrimination and harassment Gabriel–

** This disposition 1 is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Perez endured at the hands of civilian residents did not amount to persecution. *See Nagoulko v. INS*, 333 F.3d 1012, 1016–17 (9th Cir.2003) (discrimination and harassment of Ukrainian Pentecostal Christian did not rise to the level of persecution). Moreover, Gabriel–Perez's wife's parents continue to practice their faith openly·in Mexico without serious incident. *See Hakeem v. INS*, 273 F.3d 812, 816 (9th Cir.2001) (a claim of persecution upon return is weakened, even undercut, when similarly-situated family members continue to live in the country without incident).

■ Gabriel–Perez's contention that the IJ improperly shifted the burden of proof regarding reasonable internal relocation is unavailing. Because Gabriel–Perez failed to establish past persecution, he bore the burden of establishing that it would not be reasonable for him to relocate to another part of Mexico. *See Kaiser v. Ashcroft*, 390 F.3d 653, 659 (9th Cir.2004) (discussing standard for internal relocation); 8 C.F.R. § 1208.13(b)(3)(i). He failed to do so. *See id.*

■ Finally, the IJ's statement requiring that persecution be "countrywide" was erroneous; however, the due process argument is unavailing because the IJ had already concluded that Gabriel–Perez had not established past persecution or well-founded fear of persecution. *See Barraza Rivera v. INS.*, 913 F.2d 1443, 1447–48 (9th Cir.1990) (requiring petitioner to establish that the IJ's conduct potentially affected the outcome of the proceedings).

Because Gabriel–Perez failed to establish eligibility for asylum, he fails to meet the more stringent standard for withholding of removal. *See Alvarez–Santos v. INS*, 332 F.3d 1245, 1255 (9th Cir.2003).

**PETITION FOR REVIEW DENIED.**